WILLIAM S. FANSHAWE, PLAINTIFF-RESPONDENT, v. AMY B. RAWLINS, DEFENDANT-APPELLANT.

Submitted March 19, 1915—Decided June 14, 1915.

When a mare has been put to board and turned out to pasture, the person receiving the mare becomes a bailee, and as such is under a legal duty to exercise reasonable care for her safety. Whether he did or not, in this case, is a jury question.

On appeal from the Monmouth Circuit Court.

For the appellee, *John S. Applegate & Son.*

For the appellant, *Vredenburgh, Wall & Carey.*

The opinion of the court was delivered by

BLACK, J.  The subject-matter of the litigation in this suit was the board of horses.  The reasonableness of the charges and the accuracy of the plaintiff's book account in reference thereto were not disputed, but a set-off was filed by the defendant alleging negligence on the part of the plaintiff in boarding and sheltering a valuable brood mare, by name Marshmallow.  The trial court directed a verdict for the plaintiff for the board of the horses, for the sum of fifteen hundred fifty-two dollars and thirty-eight cents ($1,552.38), and also against the defendant on the set-off, on the ground that there was no negligence proved by the defendant, in reference to the care of the mare by the plaintiff, to which ruling there was an exception noted.  The only point brought under discussion in the appellant's brief is as to the correctness of this ruling of the trial court, in reference to the defendant's set-off.  The defendant alleges this as error and urges that the court should have submitted this question to the jury.  We think the trial court committed error in thus withdrawing from the jury the consideration of the defendant's set-off.  The record shows that the mare had been put to board with the plaintiff, that she had been turned out to pasture in a field of about fifteen acres, some fifteen days before she was hurt.

On June 24th, 1914, George Hughes, the manager of the plaintiff's farm, while driving through the field with a hay rake noticed that Marshmallow did not look nor act quite right.  In the afternoon, he examined her and found that she had a cut on her off or right side, right behind the arm.  He then drove her up to the barn and put her in a big box stall, treated the wound with a solution of carbolic, washed it off,

syringed and injected it out and took some absorbent cotton and put some veterinary cure-all on it. The next day he tried to get the defendant on the telephone, but did not reach her until the day following, June 26th. The defendant then sent Dr. Gall, a veterinary surgeon, to attend the mare. He testified that he found the injury on the *left* side, behind the fourth and fifth ribs, a hole, about an inch inside diameter. The following day, he opened the wound and large quantities of matter were discharged, probably several quarts; that he was of the opinion that the sore had been there for some time, he could not exactly say how long, several days, before he saw it; that mortification had set in. The mare died June 28th from the effects of the injury.

The plaintiff was the bailee of the mare, and as such was under a legal duty to exercise reasonable care for her safety, and when sick or injured, to give her such treatment as reasonable care and skill would dictate, or promptly and with reasonable diligence notify the owner that the mare had been injured, so that the owner might take measures for her safety and relief. *Hexamer v. Sonthal,* 49 *N. J. L.* 682. What conclusion should be drawn from the facts, as disclosed by the record, was the province of the jury. The rule has been stated with clearness by Lord Cairns in the case of *Metropolitan Railway Co. v. Jackson, L. R.,* 3 *App. Cas.* 197, thus: "The judge has to say whether any facts have been established from which negligence *may* be reasonably inferred: the jurors have to say whether, from those facts, when submitted, negligence *ought* to be inferred." That rule was cited with approval by this court in the case of *Newark Passenger Railway Co. v. Block,* 55 *N. J. L.* 605. We think, whether negligence ought to be inferred, in this case, on the defendant's set-off, is a jury question; that it was error for the trial court to withdraw that question from the consideration of the jury.

The judgment is therefore reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, JJ. 14.